Mr. Aguilar was denied his right of allocution when the district court failed to unambiguously address him in such a way that he knew that he could address the court to make a statement or to present any other information in mitigation of his sentence. This was required by Rule No. 32. And what the district court did here was simply use the words, anything else, during the course of a colloquy on whether he had any additions or corrections to the present report. Kennedy It looked to me like the judge thought he had allowed the allocution, but maybe it did not to the defendant. Aguilar Right. And that's the point. It's the — what the Supreme Court has said is the defendant has to understand that he has the right to speak on any matter. And clearly, that's not what occurred here. And the Fifth Circuit case, the Escher-Goland case that we discuss in our brief, in a very similar situation, the court said to the defendant, anything to say, immediately following a discussion on some sentencing enhancements. And the Fifth Circuit said this was not an unambiguous or unequivocal invitation to the defendant to address any matter. Kennedy That doesn't seem to me to be the most important thing here, isn't it, isn't it, the fact that Judge Real believed that the guidelines  Aguilar Well, the fact that Judge Real felt them unconstitutional, I mean, that is certainly the second issue that we've raised here. I would say with respect to the allocution issue, if, in fact, Mr. Aguilar was denied his right of allocution, then under this Court's precedent, he would be entitled to a remand before a different district court judge. On the issue of the law. Kennedy What would that be? He didn't – wasn't any animosity toward this defendant. It was just that there was some misunderstanding as to what was meant. Verrilli, That may be true. What this Court said, and I'm going to quote here, a resentment necessitated by the district judge's failure to afford the right of allocution to the defendant involves the problem whether, upon remand, the judge could reasonably be expected to erase earlier expressed views or findings from his mind or may overreact in an effort to be impartial. Therefore, in exercising his right of allocution, the defendant has the right to present fully all information, bear no mitigation of punishment, and the district court has a duty to listen and give careful and serious consideration to such information. If the information submitted involves new factual matter, the fact that the district judge has previously formed and expressed a judgment of defendant may make it difficult for him to consider the new matter unhampered by his prior conclusions. A different district judge would not encounter such difficulty. That's the Navarro-Flores case. And so we would submit that because he was denied his right of allocution, this should be remanded before a different district court judge. Now, with respect to the Booker issue, yes, Judge Verrilli decided that the guidelines were unconstitutional. He did not consider the guidelines in any way, shape, or form. And when we submit under Booker, that also is a violation. Kennedy. He wasn't alone on that. At that point, actually, I guess, throughout the country, there was a dispute. Verrilli. That's right. This was pre-Booker, post-Blakely, pre-Booker. Everybody was confused. He decided the guidelines were unconstitutional and were going to proceed in that fashion. Unfortunately, we now know from Booker that the Court is supposed to at least consider the guidelines, has to consider the 3553A factors. That wasn't done here. So if you do not agree with us on the allocution issue, then there does need to be a de novo resentencing under Booker because of the district court's error there. Kennedy. Okay. Verrilli. And I would reserve the balance. Kennedy. All right. Verrilli. Thank you. Hudson. May it please the Court. My name is Janet Hudson. I represent the United States. I agree with what Your Honor just said regarding the misunderstanding between Judge Reel and the defendant. I think it is a fair reading of the record that Judge Reel was attempting to give the defendant his right of colloquy. He did personally address the defendant. He did say anything else. The question is whether he should have been a little  Obviously, that's a call for this Court. This Court may decide to follow the Fifth Circuit. There aren't any Ninth Circuit precedents on point. I would like to ---- Kennedy. The case that was just read at some length was a Fifth Circuit case that was or a Ninth Circuit case. Hudson. The case that was just read was a Ninth Circuit case involving remand to a different judge. In that case, there was a total failure to allow the defendant any opportunity to speak. He was not addressed by the Court. And I would like to address that case, the Navarro-Flores Ninth Circuit decision, because counsel in his reply brief has now taken a position that not only that remand to a different judge may under certain circumstances be appropriate, but that it's always required, and he characterizes that as the holding of that case. That's incorrect. And, in fact, in his original brief, he characterized that case as holding that remand may be appropriate, and apparently on reply has decided now that it stands for the proposition that it's always required. What happened in that case was the Navarro-Flores. Excuse me, Your Honor. In the Navarro-Flores case, which did remand to a different judge for resentencing, in that case, the defendant had moved to withdraw a guilty plea. And in denying that motion, the district judge had expressed some opinions regarding the defendant, which gave rise to a motion to have that judge recuse himself and transfer the case to a different judge. The judge denied that motion as well, so he denied the motion to withdraw the guilty plea and the motion to recuse himself and transfer the case to another judge and sentence the defendant. On appeal, the defendant raised three issues. He argued that the – it was a denial of due process for the judge not to recuse himself and transfer it to another judge, that it was an abuse of discretion for the judge to deny his motion to withdraw his guilty plea, and that he was denied his right of allocution at sentencing. So the Ninth Circuit rejected the first two arguments, did not find due process violation in the judge's refusal to recuse himself, and did not find an abuse of discretion in the judge's denial of the motion to withdraw the guilty plea. In addressing the third issue, the Court found there was a clear denial of the right of allocution because the judge, district judge, did not personally address the defendant and give him an opportunity to speak, didn't address him at all, and then went on to explain why the Court was essentially sui sponte, raising the issue of whether remand would be appropriate to a different judge. And in explaining why it was dealing with this issue, which had not been raised in that context, the Court said that, in general terms, a judge who has already may find it difficult to put that out of his head, et cetera. But, and that's the language that counsel is quoting. However, the Court went on to say, the record here shows repeatedly expressed views, some apparently firmly expressed, of defendant by the district judge, and we are of the opinion that both for the judge's sake and the appearance of justice, an assignment to a different judge for resentencing is salutary and in the public interest. So if you look at the case in context, it's clear that the Court was saying on the facts of this case it's appropriate to remand to a different judge, not that this is required in every case. So the government argues that the facts of Navarro-Flores were much different than the facts here. Here, we don't have any repeatedly expressed views or firmly held views. There was no motion for recusal. There was no – there was nothing in the record to suggest any hostility, antagonism, bias, prejudice, anything on the part of Judge Reel towards this defendant. And as the Court noted, he did attempt to give the defendant a chance to say anything he wanted to on his own behalf before sentencing. Apparently, the defendant now claims that that wasn't made clear enough to him. But there's really no evidence here of any – anything that would make Judge Reel unable to treat this particular defendant fairly if the case were remanded to Judge Reel for sentencing. And as the government notes in its brief, remand to a different judge is really an extraordinary remedy that is not used in the typical situation, unless there's some reason for it, which there is not here. And with respect to counsel's second argument that Judge Reel failed to apply the guidelines, basically what counsel is arguing is that resentencing is required in this case under Booker and Ameline. And the government's position is that because this issue was not preserved, there is plain-error review. Defendant has failed to show plain error, and therefore, remand for resentencing is not necessary. The Court can simply determine whether the sentence was reasonable and the government submits that it was. Kennedy, why wouldn't this be a plain-error review? We've done that in a whole lot of cases. I agree that it is subject to plain-error review, but I think if you go through the plain-error review, you stop at the issue of the third prong, which is first was a plain, second was an error, third, is there a reasonable probability that the result would be different? In other words, was the — did this error affect substantial rights? Would it have made any difference if — Guideline was followed, wasn't it? Well, if the guideline were followed, the sentence that was imposed was still within the guideline range. And that's why the government submits that defendant has failed to show that any likelihood of a different result. Now, the — this case is sort of the flip side of the typical situation where the district court thought it was bound by the guidelines, imposed a sentence, and now we really don't know what the court would do if the district court thought it was bound by the guidelines. Here, it's the opposite of that situation. Judge Reel considers himself not bound by the guidelines. He took any and all factors into account and had essentially unfettered discretion in imposing the sentence, but the sentence that he imposed 96 months was within the guideline range. And so to argue that, well, if he had considered the guidelines, he might have given a different sentence, it's very hard to make that argument, when he didn't consider himself bound by the guidelines and yet gave a sentence within the guideline range. You know, I was looking here quickly, but I — and I don't seem to find it. It seemed like there were two possible ranges. That's correct. And under one range — There were three. And I'll — let me, if I may, just address those briefly. The probation report calculated a criminal history category of three, and so they came up with a range of 87 to 108 months. Yeah. The judge gave a sentence of 96 months, which is within that range. Right. Now, the criminal history category three was based on a conviction that both the government and the defendant agreed was not properly attributed to this defendant. So if you ignore that conviction, that drops his criminal history level down to two. So calculating, then, the range that would apply in that case, the range is 78 to 97 months. The 96-month sentence that the Court imposed is still within that range. Now, the defendant argues — so the government argues that those are the pertinent ranges. Yeah, okay. So under either — under either approach, the sentence imposed was within the guideline range, and therefore, there's no reason to think that if the case were remanded for consideration of the guidelines, that the result would be a difference. Okay. But how about three? The third is defendant's argument that the Court should have reduced his offense level two levels because he played a minor role. And if that had been done, then the range that he argued for was 63 to 78 months. Yeah. Now, the argument, though, for minor role, this was a case where there was only one person charged in the case, which was the defendant. He set up the drug deal, produced the drugs. The argument for minor role — But isn't that for the district judge to apply in the rest? Well, Your Honor, I think that in order to send it back for the court to — the district court to consider that, this Court should determine that that argument was something more than a frivolous argument, which the government submits that it was, because the argument was that even though this defendant produced the drugs, negotiated the deal, sold them, no one else was charged, he didn't manufacture the heroin, and therefore, he had a minor role. Anybody who doesn't actually make the drugs, apparently, would be a minor role. That seems to the government to be a frivolous argument that it's not necessary to remand for consideration. We would say that as a matter of law, then, that the — that range would be inappropriate? I think on plain-error — It doesn't seem like that's our function. Your Honor, I think on plain-error review, the defendant has to raise a better argument than that in order to say that it needs to go back. And so the government submits that the sentence does not need to be sent back. It can be reviewed for reasonableness. And the government submits that because it was within the guidelines range, it's presumptively reasonable and should be upheld on that basis. Okay. Thank you. Well, where to begin? With respect to the Navarro-Flores case, the Court there did say everything I quoted the Court as saying, which is the rationale behind why it needs to go back to a different court judge whenever there is a denial of rationality. Yeah, I was looking back through that case a little bit here. It does seem that the facts situation was very different, though, as far as the statements that have been made by Gisconti and so forth, that — That's absolutely true. I mean, clearly — It's very unusual that we — that we require a different judge. And it doesn't seem like there was much done here that would justify that. Well, certainly in the non-allocution context, it's unusual. But this Court's policy is that the better way to go when we have denial of the right of allocution is to send it back to a different district court judge. Now, in the Navarro-Flores case, yes, there were those additional facts, but those were simply additional facts that happened to be in that case. That doesn't mean that that was the sole reason why the Court sent it back. And in fact, the firmly held beliefs of the Court were not really substantial. He referred to the defendant there as a well-educated, sophisticated, knowledgeable, intelligent dope dealer, doing a very highly sophisticated judge shopping procedure, and he may fool a lot of people, but he doesn't fool me. Those were the firmly held beliefs. We're not talking very substantial firmly held beliefs there. So I don't believe the Court solely relied on those beliefs as the basis for sending it back. It was based on the policy that I discussed before. Let me ask this question. Can you point in the record to any comments that were made by Judge Real suggesting that he couldn't reconsider this if it were remanded to him? I cannot, Your Honor, because Judge Real said nothing here. He imposed the sentence. He gave no explanation whatsoever, which, of course, is also one reason why on the second issue, the Booker issue, that it has to go back, because, you know, regardless whether it's plenary review, reasonableness, what have you, the Court was required to give at least a reasoned statement of why this particular sentence was warranted. He didn't do that here. And so under any circumstances, this has to go back for reasons. Well, how about the circumstance of the government suspensions that would have been eight years under any of the guidelines? Well, we don't know that, Your Honor. Judge Real, if he considers the guidelines, may in fact say, all right, I'm going to give a lesser sentence. And, of course, first he has to properly calculate the guideline range. He never resolved these issues. I mean, it's fine to say, well, he would have given 96 months even under the government's theory that the range was 78 to 97, but we don't know that. He could have given 78 months, and that's a substantial difference. Do I have the sense in reading the material that there was a – that this sentence actually exceeded what was anticipated both by the government and the defense? Absolutely. The government recommended a sentence here of 87 months. So this was nine months beyond what even the government recommended here. Clearly, this has to go back, unless the Court has additional questions. All right. Thank you. Thank you, counsel.
judges: Hug, Wardlaw, Suko